344

FIRST SAVINGS AND LOAN ASSOCIATION OF JERSEY CITY, N. J., Appellant, *v*. AMERICAN HOME ASSURANCE COMPANY, Respondent.

First Department, December 10, 1970.

*Jerome F. Katz* of counsel (*Katz, Wittenberg & Katz*, attorneys), for appellant.

*Saul Goldstein* of counsel (*Max J. Gwertzman*, attorney), for respondent.

STEVENS, P. J. The facts are fairly stated in the dissenting opinion and need not now be restated at length. The issue to be resolved is whether the policy in question was divisible. In other words did the February 14, 1969 notice of cancellation affect the entire policy, or did it apply, in effect, only to the increased coverage for which concededly the premium had not been paid some five months after the increase was granted.

" Fundamentally and primarily, the question of divisibility or severability rests upon the question of intention of the parties deducible from the stipulations of the contract and the rules of construction governing the ascertainment of that intention. As a general rule, a contract is entire when by its terms, nature, and purpose, it contemplates and intends that each and all of its parts and the consideration therefor shall be common each to the other and interdependent. On the other hand, the contract is considered severable and divisible when by its terms, nature, and purpose, it is susceptible of division and apportionment."

(29 N. Y. Jur., Insurance, § 643; *American Sur. Co. of N. Y.* v. *Rosenthal,* 206 Misc. 485.) " The contract is said to be severable when the part to be performed by one party consists of several distinct and separate items, and the price to be paid by the other is apportioned to each item or is left to be implied by law " (*Ming* v. *Corbin,* 142 N. Y. 334, 340–341).

The policy in question, No. D7539681, was issued originally for $7,000 coverage. The general indorsement when increased coverage was obtained specifically provided that it formed part of Policy No. D7539681. It provided, *inter alia,* " in consideration of an additional premium of $119. it is hereby understood and agreed that insurance is increased from $7,000 to $15,000." The subject property covered in the original policy and further described in the added indorsement was " on brick apartment " at premises 46 Brooklyn Avenue, Brooklyn, New York. There were not separate items or varied items of property (e.g., real and personal) such that it might arguably be maintained that the intention of the parties applied to one category to the exclusion of the other. It is clear that the parties gave a single assent to the whole transaction rather than separate assents to several things. As was stated in *Donley* v. *Glens Falls Ins. Co.* (184 N. Y. 107, 111) " where, by the same policy, different classes of property, each separately valued, are insured for distinct amounts, even if the premium for the aggregate amount is paid in gross, the contract is severable and a breach of warranty as to one subject of insurance only does not affect the policy as to the others, unless it clearly appears that such was the intention ".

A divisible contract is always one contract, not several contracts. However, there must either be successive divisions upon performance of which the other party becomes bound, or categories with such identifiable lines of demarcation that it becomes apparent the parties assented separately to several things (cf. *Rhine* v. *New York Life Ins. Co.,* 248 App. Div. 120, affd. 273 N. Y. 1). Such is not the case before us. Upon the agreement for extended coverage the insurer became at risk in the total sum of $15,000. The policy is in statutory form (Insurance Law, § 167) and the notice of cancellation, in form, complied with the statutory directive. The policy could be canceled at any time, by its terms, by giving 5 days' written notice of cancellation to the insured and 10 days' written notice to the mortgagee. This was done. Section 167-b of the Insurance Law, requiring that a reason for cancellation be given, was added by section 2 of chapter 189 of the Laws of 1969, effective September 1, 1969. The fact that the notice of cancellation stated " for

Non-payment of Premium" neither added to nor detracted from the respective rights and obligations of the parties.

For the reasons stated the order entered April 3, 1970, herein appealed from, should be affirmed, with costs to defendant-respondent.

McGIVERN, J. (dissenting). Plaintiff has been the assignee of the mortgagee since February 15, 1967, and in July, 1968, the owner procured a fire insurance policy in the amount of $7,000, at an annual premium of $140, which was paid. A fire occurred on March 13, 1969, causing damages in the sum of $9,335. Plaintiff now seeks to recover from defendant $2,563, constituting defendant's prorata share of the coverage.

The record indicates that the original insurance was increased from $7,000 to $15,000, as of October 21, 1968, at an additional premium of $119, which was not paid, and on February 25, 1969, the policy was canceled for "Non-payment of Premium", by notice to plaintiff dated February 14, 1969.

The question to be decided is whether the notice of cancellation for the stated reason of "non-payment" of premiums affects the policy to the full extent of the $15,000 or applies only to the portion of $8,000, for which the premium was not paid.

The cancellation specified "non-payment" as the basis for cancellation. Such "non-payment" could well indicate that the cancellation was intended to apply only to the additional portion of coverage, $8,000, for which the premium was not paid. The fact that the premium covered the same premises does not mandate a holding that the original contract for insurance was not "divisible". In *Rosenthal* v. *Security Mut. Ins. Co.* (33 A D 2d 1041), the court in reversing a denial of summary judgment to plaintiff said: "We find that the original contract of insurance, for which the premium was fully paid, was a divisible one and not subject to cancellation for failure to pay the premium for the additional and more comprehensive coverage after the issuance of the original policy".

If the insurer respondent intended to cancel the entire policy, it could have done so by omitting the "non-payment" phrase. Having chosen to place the cancellation on that specified basis, it conveyed the idea that the cancellation pertained only to the latter $8,000 coverage. If appellant had purchased an additional $8,000 from another insurer, this defendant would clearly be liable under the $7,000 coverage. So, while the defendant had a right to cancel the insurance policy, having specified as a reason for cancellation "non-payment" of premium, which could obviously apply only to the failure to pay the additional

premium for the additional coverage, plaintiff was not unreasonably led to believe it had insurance in the sum of $7,000, in any event, thus causing it to forego the additional insurance.

Bearing in mind that the courts do not favor forfeiture, and that the policy, as well as the notice of cancellation, should be strictly construed against the insurer, the conclusion, on this record, requires a determination that the cancellation applied only to the $8,000, and that the initial $7,000 of insurance, for which premium was fully paid, remained in effect at the time of the fire. Thus, in my view, plaintiff was entitled to recover the $2,563 sought.

Accordingly, I would reverse the order appealed from, grant plaintiff's motion and deny defendant's cross motion.

CAPOZZOLI and MARKEWICH, JJ., concur with STEVENS, P. J.; McGIVERN, J., dissents in an opinion.

Order, Supreme Court, New York County entered on April 3, 1970, affirmed. Respondent shall recover of appellant $50 costs and disbursements of this appeal.