MUSTANG FUEL CORP., a corporation, Plaintiff-Appellant,

v.

YOUNGSTOWN SHEET AND TUBE COMPANY, an Ohio corporation, Defendant-Appellee.

No. 72–1334.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted March 26, 1973.

Decided June 12, 1973.

Ed Abel, Oklahoma City, Okla., for plaintiff-appellant.

Calvin W. Hendrickson, Oklahoma City, Okla., for defendant-appellee.

Before HILL and BARRETT, Circuit Judges, and SMITH,* District Judge.

HILL, Circuit Judge.

Without going into a detailed statement of facts or background in this appeal, the case presents a single issue. Does a trial court have jurisdiction to grant a summary judgment under Rule 56, F.R.Civ.P., if paragraph (c) of the Rule has not been complied with? The pertinent part of the Rule provides: "Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time fixed for the hearing. . . . ."

The motion for summary judgment in this case was filed by defendant-appellee on December 29, 1971, and on December 30, 1971, without notice being given or the holding of a hearing, the trial judge sustained the motion and entered a judgment accordingly.

It is correct, as argued by appellee, that subsequent to the granting of the motion the court held a hearing on a motion for a new trial. From this fact appellee argues, in effect, that the hearing and notice requirements of the Rule were met. We do not agree. The failure to follow the mandates of the Rule with respect to notice and hearing has been variously described by other Circuits in overturning summary judgment orders entered without first complying with the time mandate of Rule 56(c).[1]

---

\* Of the Eastern District of Michigan, sitting by designation.

1. Georgia Southern & Fla. Ry. Co. v. Atlantic Coast Line R.R. Co., 373 F.2d 493,

497 (5th Cir. 1967), cert. denied, 389 U.S. 851, 88 S.Ct. 69, 19 L.Ed.2d 120, " . . . abuse of discretion to grant summary judgment without proper notice and hearing as required by Rule 56."

The failure of the trial court to comply with the hearing and notice requirements of the Rule is error, and deprives the court of authority to enter a summary judgment order. Under proper circumstances these requirements of the Rule may be waived. The procedural facts presented here do not, however, constitute such a waiver.

Without here attempting to express any opinion upon the merits of the motion for summary judgment, we set aside the judgment appealed from and remand the case for further proceedings.

---

Enochs v. Sisson, 301 F.2d 125, 126 (5th Cir. 1962), "We do not think that the order entered by the court below, in the absence of a notice to the appellant of the time fixed for the hearing, was within its jurisdiction under the quoted portion of Rule 56." Bowdidge v. Lehman, 252 F.2d 366, 369 (6th Cir. 1958), "Since attorney for appellants was given neither notice nor opportunity to be heard upon the question of summary dismissal the judgment was erroneous."