**Yvonne A. ADAMS et al., Plaintiffs-Appellants,**

v.

**CAMPBELL COUNTY SCHOOL DISTRICT, Campbell County Wyoming, et al., Defendants-Appellees.**

No. 72–1669.

United States Court of Appeals, Tenth Circuit.

Aug. 10, 1973.

**1352**

Jerry D. Anker, Washington, D. C., (Norman L. Blumenfeld, Lichtman, Abeles & Anker, Washington, D. C., Ronald W. Hofer, and Leimback, Aspinwall & Hofer, Casper, Wyo., on the brief), for plaintiffs-appellants.

R. R. Bostwick, Casper, Wyo., and Wade Brorby, Gillette, Wyo. (Murane, Bostwick, McDaniel, Scott & Greenles, Casper, and Morgan & Brorby, Gillette, Wyo., on the brief), for defendants-appellees.

Before BREITENSTEIN, BARRETT and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

We have here three school teacher cases which were consolidated for appeal.

The district court granted summary judgment for the defendants in each case and plaintiffs appeal. We reverse.

None of the plaintiffs claim tenure. Each alleges reasonable expectancy of continued employment and a termination of service by nonrenewal of contract without hearing in violation of First and Fourteenth Amendment rights. Adams alleges that she was wrongfully accused of participating in the publication of a student "underground newspaper," of membership in subversive organizations, and of jeopardizing a proposed bond issue. Wiseman says that he was terminated because of the length of his hair, allegedly subversive teachings, and jeopardy to the bond issue. Brooks avers that he was terminated because of length of hair, sympathy with young revolutionaries, participation in a peace march, press releases, subversive conduct, and jeopardy to the bond issue.

In each case defendants filed a motion to dismiss for failure to state a claim on which relief could be granted. The motions were supported by affidavits of the school superintendent and the school principal who said that the plaintiffs were initial contract teachers; that they were served with notice of nonrenewal of their contracts; that plaintiffs had not requested a hearing and had not been denied a hearing; and that the School District had complied with the state administrative procedure act.

In the Adams and Wiseman cases the complaints were filed on December 20, 1971, and the motions to dismiss with supporting affidavits on January 24, 1972. In the Brooks case the complaint was filed on February 23, 1972, the motion to dismiss on March 1, and a supporting affidavit on July 18. On July 3 the motions to dismiss were set for hearing on July 24. On July 21 each plaintiff tendered an amended complaint. In Adams and Brooks, but not in Wiseman, the tender was supported by an affidavit of counsel based on information and belief.

At the July 24 hearing the trial court granted leave to amend and heard all

three cases as if consolidated. Defense counsel asked that the motions to dismiss be treated as motions for summary judgment. Plaintiffs' counsel objected and asked for time to submit opposing affidavits. At the conclusion of the hearing the trial court took the cases under advisement. On the next day, July 25, the court filed a decision treating the motions to dismiss as motions for summary judgment, commenting that the defense affidavits were unopposed, holding that plaintiffs had been deprived of no Fourteenth Amendment rights, and granting summary judgment for the defendants in each case.

The summary judgments cannot stand. Rule 56(c), F.R.Civ.P., provides that a motion for summary judgment shall be served at least 10 days before the hearing date and before that date the adverse party may serve opposing affidavits. Noncompliance with the time provision of the rule deprives the court of authority to grant summary judgment. Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 10 Cir., 480 F.2d 607, opinion filed June 12, 1973.

Rule 12(b) says that if a motion to dismiss asserts failure to state a claim on which relief can be granted and matters outside the pleading are presented to and not excluded by the court "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." To consider a motion to dismiss as a motion for summary judgment without giving the adverse party an opportunity to present pertinent material is error. Dale v. Hahn, 2 Cir., 440 F.2d 633, 638; Harris v. Pate, 7 Cir., 440 F.2d 315, 318–319; and Costen v. Pauline's Sportswear, Inc., 9 Cir., 391 F.2d 81, 85, n. 5. Ryan v. Scoggin, 10 Cir., 245 F.2d 54, 57, is not to the contrary. That case recognizes that a Rule 12(b)(6) motion supported by material outside of the pleadings can

be treated as a Rule 56 motion. It says nothing about the Rule 12(b) provision that if such material is not excluded by the court all parties shall be given "a reasonable opportunity" to present pertinent material. The fact that defense affidavits in two of the cases had been on file for about six months is of no moment. Plaintiffs were confronted with a motion to dismiss for failure to state a claim. A motion to dismiss is not a responsive pleading within the meaning of Rule 15(a), Hanraty v. Ostertag, 10 Cir., 470 F.2d 1096, 1097, and under that rule a plaintiff may amend his pleading once as a matter of course at any time before a responsive pleading is filed. The presence of the affidavits in the file was not notice to plaintiffs that the motion would be treated as one for summary judgment. Under Rule 12(b) the court could have excluded the affidavits from consideration.

The difficulty here is that after defendants requested that the motions to dismiss be treated as summary judgment motions and after plaintiffs asked for time to submit affidavits, the court recessed the hearing without ruling on either request and on the next day filed a "Summary Judgment, With Findings." Therein, the court said that it was treating the motions to dismiss as motions for summary judgment, that the defense affidavits were unopposed, and that summary judgment for defendants was granted. The action of the trial court deprived plaintiffs of an adequate opportunity to be heard and denied them the right to present controverting material and the right to amend. In so acting the trial court violated both the spirit and the mandates of the applicable rules. The grant of summary judgment was improper.

We express no opinion on the merits of any of the cases. They must be determined in the light of the decisions of the United States Supreme Court, and of this court, bearing on the question of termination of employment of nontenured teachers.

The judgment in each case is reversed and each case is remanded for such further proceedings as may be appropriate.

BARRETT, Circuit Judge (concurring specially):

I specially concur in my Brother Breitenstein's opinion. In doing so, I am compelled to note that the trial court's treatment of the motion to dismiss with attached affidavits which were on file for six months prior to hearing without any responsive or opposing affidavits having been filed or tendered by the plaintiffs, has been interpreted both by the Wyoming State courts and the United States District Court for the District of Wyoming and this writer as constituting authority, without further or other notice, by the court to treat the motion as one for summary judgment. The filing of uncontroverted affidavits attached to the motion to dismiss—unanswered for a period of six months prior to the hearing—has, in Wyoming practice, been treated and considered as the "reasonable opportunity to present all material made pertinent to such a motion by Rule 56," thus eliminating any need on the part of the trial court to give a specific notice of its intention to treat the motion as one for summary judgment. This practice, it seems to me, is in keeping with this Court's language in Parkinson v. California Company, 233 F.2d 432 (10th Cir. 1956), reading in pertinent part:

"The prior pleadings in support of the motions were not only identified by affidavit, but were shown to have been verified by plaintiff himself. Granted that plaintiff would have had the right on summary judgment to explain this record or to deny its effect by counter-affidavit, he did not elect to do so. Generally speaking, the allegations of a complaint may be pierced by uncontradicted evidentiary matter and in such event, will not be deemed sufficient to raise a genuine fact issue." (Citations omitted). 233 F.2d at 438.

I would also note that under either a motion to dismiss or one for summary judgment, the relief sought is the same. See Ryan v. Scoggin, 245 F.2d 54 (10th Cir. 1957); National War Labor Board v. Montgomery Ward & Co., 79 U.S. App.D.C. 200, 144 F.2d 528 (1944), cert. denied 323 U.S. 774, 65 S.Ct. 134, 89 L. Ed. 619 (1944). It is difficult to perceive any prejudice in the trial court's treatment.

In the interest of uniformity of practice throughout our Circuit I specially concur. I do not agree with the majority opinion's observation that the trial court violated both the spirit and mandates of the applicable rules.