**Roger DOLESE and the Dolese Company, Transferees of Dolese Bros. Co., a dissolved corporation, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**The DOLESE COMPANY and Dolese Concrete Company (wholly owned subsidiary of the Dolese Company), Appellants,**

v.

**UNITED STATES of America, Appellee.**

**Roger DOLESE, Appellant,**

v.

**UNITED STATES of America, Appellee. (Consolidated Cases)**

**Nos. 75–1520, 75–1521 and 75–1522.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted March 24, 1976.

Decided Sept. 2, 1976.

Donald P. Moyers and John H. Conway, Jr., Tulsa, Okl., for appellants.

Murray S. Horwitz, Washington, D. C. (Scott P. Crampton, Asst. Atty. Gen., Gil-

bert E. Andrews, Grant W. Wiprud, Tax Div., Dept. of Justice, Washington, D. C., and William R. Burkett, U. S. Attorney, Oklahoma City, Okl., of counsel, on the brief), for appellee.

Before SETH and McWILLIAMS, Circuit Judges, and MORRIS, Chief Judge.*

McWILLIAMS, Circuit Judge.

These three consolidated appeals concern summary judgment. In our view the trial court failed to follow either the mandate or the spirit of Rule 56(c), Fed.R.Civ.P. and we therefore reverse.

Roger Dolese, the Dolese Company, and the Dolese Concrete Company each instituted a separate action for the refund of federal income taxes and interest in a total amount of $1,533,755.38. The Government in due time filed an answer in each case denying that any refund was due and owing. The three cases were consolidated for trial and on January 14, 1975, the first of three pretrial conferences was held. A second pretrial conference was held on March 11, 1975, at which time the trial judge set the trial date for April 29, 1975, and at the same time set an additional pretrial conference for April 22, 1975.

On April 22, 1975, immediately preceding the third pretrial conference, the Government filed motions for summary judgment, and on that same date served copies thereof on counsel for the taxpayers. The trial court ordered the taxpayers to file within two days an answer to the Government's motion for summary judgment. The taxpayers complied with this order and on the following day filed an answer resisting the Government's motion for summary judgment. The motion for summary judgment was not set for hearing and the entire matter was thereupon further pretrialed. This pretrial culminated in an order signed by the trial judge on April 25, 1975, wherein the taxpayer listed over thirty issues of fact which remained to be resolved, with the Government listing two issues of fact which were to be resolved upon trial. This pre-

trial order recognized a partial settlement of issues which had been entered into between the taxpayer and the Government. And, importantly, the pretrial order of April 25, 1975, reconfirmed the trial date of April 29, 1975.

The entire matter then came on for trial on April 29, 1975. At that time counsel for both the taxpayers and the Government were present in open court, presumably ready for trial. The taxpayers had present some seven witnesses who were prepared to give testimony. It was in this setting that the trial judge took the bench and indicated that he had determined to enter summary judgment in favor of the Government. In partial explanation thereof, the trial judge commented that "it was probably the best for all parties" that the Government's motion for summary judgment be sustained so that counsel could "get on your way to the Court of Appeals, so you can cheaply find out what the law is." Notwithstanding the judge's solicitude, counsel for the taxpayers strenuously resisted the entry of summary judgment and argued that the issues of fact referred to in the pretrial order could not be thusly resolved. Such protests failed to dissuade the trial judge from his earlier decision and he forthwith signed an order which he had previously dictated granting summary judgment for the Government. These appeals followed.

In *Adams v. Campbell County School District,* 483 F.2d 1351 (10th Cir. 1973), we declared as follows:

> . . . Rule 56(c), F.R.Civ.P., provides that a motion for summary judgment shall be served at least 10 days before the hearing date and before that date the adverse party may serve opposing affidavits. Noncompliance with the time provision of the rule deprives the court of authority to grant summary judgment.
>
> . . .

Applying the foregoing rule, it is at once apparent that the time provisions of Rule 56(c) were not complied with by the trial court. In the first place the rule contemplates that there be a "hearing" on a

---

* Of the United States District Court for the Eastern District of Oklahoma.

motion for summary judgment. No hearing, as such, was held in the instant case on the Government's motion for summary judgment. The rule further contemplates that such hearing should not be held sooner than ten days after the motion for summary judgment is served on opposing counsel. In the instant case no hearing was held, and the trial judge granted the summary judgment seven days after the motion was filed with the court and served on opposing counsel. The rule also provides that the adverse party may file counter affidavits at any time before the date set for hearing. In the instant case counsel for the taxpayers was deprived of that opportunity by the failure of the trial judge to set for hearing the Government's motion for summary judgment. In this regard we note that the Government never did request that its motion be set for hearing. Since the several provisions of Rule 56(c) were not complied with by the trial judge, he had, in the words of *Adams,* no authority to grant summary judgment.

In accord with *Adams,* see our earlier opinion in *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.,* 480 F.2d 607 (10th Cir. 1973). In that case, as in *Adams,* we held that the trial court was without authority to enter summary judgment for failure to comply with the time provisions of Rule 56(c). In *Mustang* we indicated that under "proper circumstances" the requirements of Rule 56(c) may be waived. In the instant case the Government suggests that the taxpayers waived the requirements of the Rule 56(c). We fail to find any waiver. Certainly the continuing protest made by counsel after the trial judge indicated to all concerned that he was going to grant summary judgment does not amount to waiver. In this regard the instant case is actually somewhat akin to *Mustang.* There summary judgment was entered without compliance with the time provisions of Rule 56(c), but thereafter counsel was afforded a full scale hearing on his motion for new trial. Such hearing, we held in *Mustang,* did not cure the earlier failure to follow the requirements of the rule.

In sum, then, summary judgment was entered in the instant case with complete disregard to Rule 56(c). Accordingly, we reverse and remand for further proceedings in accord with this opinion. We are not by this opinion expressing any opinion as to the merits of the controversy.

Judgment reversed and case remanded.