Pas P. TORRES, Jr., Plaintiff-Appellant,

v.

FIRST STATE BANK OF SIERRA COUNTY, a New Mexico Banking Corporation, Defendant-Appellee.

No. 76–1188.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Jan. 27, 1977.

Decided March 3, 1977.

Frederick A. Smith, Truth or Consequences, N.M., for plaintiff-appellant.

George J. Hopkins, Albuquerque, N.M. (Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, N.M., and Buhler, Smith, Fitch & Stout, Truth or Consequences, N.M., on the brief), for defendant-appellee.

Before LEWIS, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Plaintiff-appellant Torres sued under 42 U.S.C. § 1983 to secure redress for deprivation of his constitutional rights by defendant-appellee First State Bank of Sierra County. The district court sustained defendant's motion to dismiss for failure to state a claim. Plaintiff appeals. We reverse.

Torres was a franchised automobile dealer in New Mexico. Without any notice to Torres, and without the service of any process on him, Bank secured a temporary restraining order in state court. The order recites that Torres had disposed of property without the knowledge of Bank and that there was a possibility that he "may further dispose of his property." The pertinent portion of the order reads:

"ORDERED that the Defendant PAS P. TORRES, JR., individually and d/b/a SOMBRERO MOTORS, be, and he hereby is, restrained and enjoined from disposing of, conveying, or encumbering any property, real or personal, presently owned by him, and that the agents, servants and employees of Defendant PAS P. TORRES, JR., be restrained on condition that a bond be filed * * *."

The amended complaint alleges that, shortly after the restraining order was obtained, the president of the bank and a deputy sheriff of Sierra County visited Torres and told him that under the court's order he "was required to surrender the keys to certain automobiles which * * * Bank claimed it had a mortgage or security interest against." Torres then surrendered the keys to the automobiles.

Torres avers that the Bank's actions caused him to close his business and that the actions were "under color of the State Court Law and the State Court Authority." The complaint charges that the Bank's actions "amounted to a violation of Plaintiff's Civil Rights and Constitutional Rights as protected by the United States Constitution."

The complaint does not disclose the final disposition of the state court action. The temporary restraining order did not authorize the seizure of any property. It enjoined Torres from disposing of, conveying, or encumbering any property.

Bank's answer contained admissions and denials and a claim that the complaint failed "to state a claim upon which relief can be granted." The depositions of Torres and the bank president were taken and filed in the court along with certain exhibits. The material portion of the order of dismissal reads:

"Having considered the pleadings and briefs filed by both sides in support of their positions, it is found that the complaint fails to state a claim upon which relief may be granted in that there appears to be no set of facts that could be proven by the plaintiff at trial which would support his claim of state action as required by the provisions of 42 U.S.C. 1983 under which this action was brought; * * *."

We are met with a problem that recurs with more and more frequency. Trial judges receive, and do not exclude, matters

outside the pleadings and then grant a motion to dismiss rather than a summary judgment. Rule 12(b), F.R.Civ.P., provides that if, on a motion to dismiss for failure to state a claim, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and the parties shall have opportunity to present material pertinent to such motion under Rule 56.

■ The last sentence of Rule 12(b) was added in 1946, effective in 1948, to resolve the confusion arising from "speaking motions," i. e. motions supported by affidavits, depositions, and other extra-pleading material. See 5 Wright & Miller, Fed.Pract. & Proc. § 1366, pp. 675–684 and 2A Moore's Federal Practice ¶ 12.09, pp. 2297–2313. When matters outside of the record are presented and not excluded, the court must treat the motion as one for summary judgment and proceed under Rule 56. *Carter v. Stanton,* 405 U.S. 669, 671, 92 S.Ct. 1232, 31 L.Ed.2d 569.

■ The provisions of Rule 56(c) for notice to the opposing party and an opportunity for him to serve opposing affidavits are mandatory. Noncompliance therewith deprives the court of authority to grant summary judgment. *Adams v. Campbell County School District,* 10 Cir., 483 F.2d 1351, 1353, and cases there cited.

■ The trial court did not comply with Rules 12(b) and 56(c). Its order of dismissal says that no set of facts could be proven to support his claim of state action. If this statement means that the court considered matters presented outside of the pleadings and not excluded, it is patently wrong. If, as a matter of law, the complaint, without consideration of matter presented but not excluded, is insufficient, a motion to dismiss is proper. See *Utah State University v. Bear Stearns & Co.,* 10 Cir., 549 F.2d 164.

The New Mexico Rules of Civil Procedure, § 21–1–1(65, 66)(b) N.M.S.A. (1953 Comp.), provide for temporary restraining orders and prescribe the procedure. *Sniadach v. Family Finance Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349, held that the Wisconsin pre-judgment garnishment statute was unconstitutional because of denial of procedural due process. *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556, rejected the Florida and Pennsylvania pre-judgment replevin statutes for the same reason. Deprivation of a property right is actionable under § 1983. *Lynch v. Household Finance Corp.,* 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424.

■ The Bank argues that the New Mexico rule on temporary restraining orders is constitutional and, hence, gives rise to no § 1983 action. Torres does not question the constitutionality of the New Mexico rule or the Bank's compliance therewith. Instead, he complains about the way in which the rule was used to deprive him of his property. The order was obtained without notice and with no opportunity for him to be heard. Torres claims that in reliance on that order issued by a state court under a state rule, the Bank, with the cooperation of a county deputy sheriff, wrongfully deprived him of his property and wrongfully put him out of business in violation of procedural due process. The complaint alleges that Bank acted under the color of state law. The complaint adequately alleges a violation of § 1983.

The reliance of the Bank on *Rios v. Cessna Finance Corporation,* 10 Cir., 488 F.2d 25, is misplaced. After saying, Ibid. at 28, that damages may not be collected under § 1983 "against one who followed a statutory procedure presumed to be constitutional," the court said, Ibid.:

"And although Rios now questions the good faith of Cessna Finance in proceeding under the replevin laws of New Mexico, we believe no factual issue on the question exists."

The complaint before us alleges that the Bank "acted in a wrongful, wanton and reckless manner" in obtaining and using the order. The good faith of the Bank is in issue. A determination of that good faith may not be made on a motion to dismiss.

Reversed and remanded for further proceedings in the light of this opinion.