**PROSPERO ASSOCIATES, a Colorado General Partnership, Plaintiff,**

v.

**BURROUGHS CORPORATION, Defendant.**

Civ. A. No. 80–K–1801.

United States District Court, D. Colorado.

July 8, 1981.

---

Jeffrey A. Chase, David S. Steefel, Holme, Roberts & Owen, Denver, Colo., Adam Walinsky, L. J. Kaiser, Kronish, Lieb, Shainswit, Weiner & Hellman, New York City, for plaintiff.

Ira C. Rothgerber, Jr., Rothgerber, Appel & Powers, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This diversity action arises from a purchase agreement executed by plaintiff and defendant's predecessor in interest, Redactron Corporation.[1] Plaintiff filed this action in state court, seeking the costs that it incurred when Redactron, pursuant to the purchase agreement, repurchased equipment from plaintiff. Defendant removed the action to this court. Jurisdiction is based on 28 U.S.C. § 1332.

Defendants filed a motion to dismiss, arguing that a prior judgment of the Boulder County District Court, *Prospero Associates, et al. v. Redactron Corp. and Burroughs Corp.*, Civil Action No. 78–0226–5 (June 9, 1980), is res judicata here. Defendants argue alternatively that the complaint fails to state a claim upon which relief may be granted because it seeks to add to the agreement a provision for the reimbursement of the investment tax credit recapture. Briefs have been filed and the motion is now ripe for determination. No facts are in dispute. I grant summary judgment in favor of the defendant.[2]

## I. RES JUDICATA

In the previous state-court action on this contract plaintiff asserted that Redactron wrongfully refused to sell plaintiff equip-

---

1. The complaint alleges that there were two Redactron Corporations, both of which merged with defendant. It is unnecessary to distinguish between them here.

2. Because defendant's motion to dismiss was accompanied by the judgment in the previous case, F.R.Civ.P. 12(b) requires me to treat the motion to dismiss as one for summary judg-

ment. Both parties have stated in their briefs that the motion should be considered as one for summary judgment and, in accordance with this understanding, both parties have filed exhibits. The requirement of notice to treat a motion to dismiss as one for summary judgment has been met. *Adams v. Campbell County School Dist.*, 483 F.2d 1351 (10th Cir. 1973).

ment during the second and third years of the three-year purchase agreement. The court issued a money judgment against Redactron, for breach of contract, and against Burroughs, for tortious interference with a contract. In this action plaintiff seeks the costs that it incurred when Redactron, pursuant to the purchase agreement, repurchased equipment that it had sold to Prospero during the first year of the agreement. The costs derive mainly from the recapture of a federal income tax investment credit that Prospero had claimed when it bought the equipment from Redactron.

28 U.S.C. § 1738 directs me to give the Boulder County District Court judgment "the same full faith and credit ... as [it has] by law or usage in the courts of [Colorado].[3] I must therefore determine what effect a Colorado state court would give to the previous judgment if it were hearing this case.

■ Res judicata encompasses two distinct doctrines, issue preclusion and claim preclusion.[4] Issue preclusion prohibits the relitigation of facts and questions that were in issue in a previous action between the same parties,[5] and which were actually litigated. *See generally* 46 *Am.Jur.* 2d Judgments §§ 415–429 (1969). Here the income tax credit question was not actually litigated in the previous action so the issue-preclusion doctrine is not dispositive.

Claim preclusion, on the other hand, prohibits a party from reasserting a previously adjudicated cause of action. Claim preclusion, unlike issue preclusion, prohibits a party from asserting any matter that might have been asserted in the previous cause of action, even if it was not actually asserted. *See generally id.* §§ 404–414. In *Hizel v. Howard*, 144 Colo. 15, 17, 354 P.2d 611, 612 (1960), the court stated,

> For the [claim preclusion] plea to be a complete defense, there must be 'identity of subject matter, identity of cause of action, identity of persons to the action and identity of capacity in the persons for which or against whom the claim is made.' Judgment on the merits precludes not only matters determined and actually litigated but also all matters pertaining to the issues which could or might have been litigated therein.

(citations omitted.)[6] I must therefore determine whether Colorado courts would treat the breach-of-contract and income-tax-credit claims as one or two causes of action.[7]

■ Previous Colorado decisions are inconclusive on this question. In *Blair v. Blair*, 144 Colo. 442, 447–48, 357 P.2d 84, 87–88 (1960), and *Youngquest v. Youngquest*, 102 Colo. 105, 111–13, 76 P.2d 1117, 1119–20 (1938), the Colorado Supreme Court held that previous probate actions did

---

3. Because this is a diversity action, I would reach the same result under *Erie Railroad Co. v. Thompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 114 (1938). *See, e. g., Kimmel v. Yankee Lines*, 224 F.2d 644, 645 (3d Cir. 1955); *Hackler v. Indianapolis & Southeastern Trailways, Inc.*, 437 F.2d 360, 362 (6th Cir. 1971).

4. Courts have used various terms to describe these two doctrines. *See* 46 *Am.Jur.* 2d Judgments § 397 (1969). Although modern usage normally refers to claim preclusion as res judicata and issue preclusion as collateral estoppel, I will use the former terms to avoid confusion.

5. Under certain circumstances issue preclusion may even be used to benefit a party that was not involved in the prior litigation. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326–33, 99 S.Ct. 645, 648–52, 58 L.Ed.2d 552 (1979).

6. Plaintiff cites *Haffke v. Linker*, 30 Colo.App. 61, 489 P.2d 1050, 1051 (1971), which states,

> "res judicata concerns not only a question previously litigated, but acts as a bar to the determination of all issues which might have been raised in the previous action." Considering the expansive modern joinder rules, *see, e. g.,* Colo. Rule Civ.Proc. 18(a) (which allows a plaintiff to assert multiple, unrelated claims against a defendant in one civil action), this statement must be read as only prohibiting litigation of all issues that might have been raised in the previous cause of action; it should not be read as precluding litigation of any issue that plaintiff could have asserted against the defendant in the previous civil action.

7. Although the previous action included Prospero's two partners as additional plaintiffs and Redactron as an additional defendant, no one disputes that there is an "identity of persons to the action" in the two cases.

not bar subsequent contract actions by the same parties over the same property. On the other hand, in *McDermott v. Bent County, Colorado Irrigation Dist.*, 135 Colo. 70, 73–75, 308 P.2d 603, 605–06 (1957), the court held that two actions against an irrigation district were identical even though each sought a different form of relief. Similarly, in *Newby v. Bock*, 120 Colo. 454, 462–64, 210 P.2d 985, 990 (1949), the court found that an action seeking to enjoin defendants from interfering with plaintiffs' use of a road barred a subsequent quiet-title action concerning the same road. These decisions do not clearly support either party's position in the present case.

The Colorado Supreme Court has also frequently stated that it will look to the evidence necessary to sustain each cause of action:

> The best and most accurate test as to whether a former judgment is a bar in subsequent proceedings between the same parties, according to the authorities, is whether the same evidence would sustain both, and if it would, the two actions are the same, and this is true although the two actions are different in form.

*City of Westminster v. Church*, 167 Colo. 1, 9, 445 P.2d 52, 55 (1968) (quoting *Pomponio v. Larsen*, 80 Colo. 318, 321, 251 P.2d 534, 536 (1926)). *See generally* 1 *Am.Jur.* 2d Actions § 128 (1962). Under the "same evidence" test I find that the present complaint is based on the same cause of action as the previous action and therefore is barred by res judicata.[8] The evidence necessary to sustain the present action was all introduced in the previous state-court case. The major piece of evidence in both cases is the purchase agreement. Further, as defendant points out, in the previous case plaintiff introduced both the relevant federal income tax returns and defendant's analysis of the tax effects of the repurchase. Although the previous judgment does not indicate whether these exhibits were material to that cause of action, I must assume that plaintiff would not have introduced them unless they were.

Restatement, Judgments § 62 (1942) also supports finding res judicata here. That section restates the claim-preclusion doctrine. Comment h. adds,

> Where a party to a single indivisible contract has committed two or more breaches of contract, and the other party brings an action against him for one or more of the breaches, the judgment, whether for the plaintiff or for the defendant, precludes the plaintiff from maintaining thereafter an action for any breach of the contract committed by the defendant before the commencement of the action. All the breaches of contract prior to the commencement of the suit are treated as a single cause of action.[9]

Plaintiff argues that the purchase agreement is "a divisible contract with distinct and independent covenants," and that the action here is therefore a separate cause of action. In support of this argument, plaintiff points out that the present cause of action is based upon a bill of sale that the parties executed over two years after executing the original agreement.[10] This argument is without merit. The bill of sale was executed in consideration of $10 while the parties agreed that the repurchase price for the equipment would be approximately $2,000,000. The repurchase was obviously based upon the original purchase agreement, which specified in detail how the repurchase price was to be calculated. Because the cause of action here is based on another alleged breach of the same con-

---

8. I reject plaintiff's argument that this motion to dismiss is premature because the previous state-court action is currently on appeal. My reasoning and result on this motion will be the same regardless of the result reached by the state appellate courts in that case, so there is no reason for me to delay ruling on this motion.

9. Plaintiff does not argue that the breach alleged here occurred after the commencement of the previous action.

10. Plaintiff does not argue that the purchase agreement is an installment contract. This argument would be hard to make, now that the Boulder County District Court has issued a 76-page opinion and judgment involving breaches over more than one year without ever finding the contract to be an installment contract.

tract, I find that this action is barred by res judicata. *Accord, Consol Builders & Supply Co. v. Ebens*, 24 Ill.App.3d 988, 322 N.E.2d 248 (1975).

## II. REIMBURSEMENT OF THE INVESTMENT TAX CREDIT RECAPTURE

Because of my disposition of the res judicata claim, I do not consider the alternate ground asserted in defendant's motion to dismiss.

IT IS ORDERED that defendant's motion to dismiss, treated as a motion for summary judgment, is granted. It is further

ORDERED that this complaint and civil action are dismissed. Each party to bear its own costs.