PROSPERO ASSOCIATES, a Colorado general partnership, Plaintiff-Appellant,

v.

BURROUGHS CORPORATION, Defendant-Appellee.

No. 81–1913.

United States Court of Appeals, Tenth Circuit.

Aug. 12, 1983.

Laurence J. Kaiser, New York City (Adam Walinsky, New York City, with him on briefs), of Kronish, Lieb, Shainswit, Weiner & Hellman, New York City (Donald K. Bain and Jeffrey A. Chase of Holme Roberts & Owen, Denver, Colo., with them on briefs), for plaintiff-appellant.

Robert S. Slosky, Denver, Colo. (Ira C. Rothgerber, Denver, Colo., with him on briefs), for defendant-appellee.

Before McWILLIAMS, BARRETT and McKAY, Circuit Judges.

BARRETT, Circuit Judge.

Plaintiff-appellant Prospero Associates (Prospero) appeals from the district court's grant of summary judgment in favor of defendant-appellee Burroughs Corporation (Burroughs).

In 1974 Prospero contracted with the Redactron Corporation (Redactron) (predecessor in interest to Burroughs) for the sale by Redactron to Prospero of text-editing typewriter systems. At the start of the second contract year, Redactron anticipatorily breached the contract by refusing to make future sales. Pursuant to the 1974 agreement, Redactron repurchased equipment it had sold to Prospero during the first contract year. In 1978 Prospero was awarded a money judgment in Boulder County (Colorado) District Court against Redactron for breach of contract, and against Burroughs for tortious interference with a contract. Prospero thereafter filed this action (again in state court), seeking the costs it incurred relating to the repurchase of the equipment.

Burroughs removed this action to federal district court and moved to dismiss the com-

plaint on grounds of *res judicata,* incorporating by reference the findings of fact, conclusions of law and judgment in the prior state court action. Alternatively, Burroughs moved to dismiss for failure to state a claim. Treating the motion to dismiss as one for summary judgment, the district court concluded that principles of *res judicata* barred this action, and dismissed the complaint. *Prospero Associates v. Burroughs Corp.,* 517 F.Supp. 658 (D.Colo.1981).

## I.

Prospero contends that the district court *sua sponte* converted Burroughs's motion to dismiss into one for summary judgment without formal notice to Prospero, thereby denying Prospero the right to present material pertinent to a motion for summary judgment. It is apparent from the record, and Burroughs does not contest, that the district court did not give formal notice to Prospero of the conversion. However, based on the following analysis of the facts and the law, we conclude that the trial court reasonably believed Prospero was treating the motion as one for summary judgment and waived any right to formal notice.

■ The general rule is that noncompliance with the time and notice provisions of Fed.R.Civ.P. 56(c) deprives the court of authority to grant summary judgment. *Torres v. First State Bank of Sierra County,* 550 F.2d 1255 (10th Cir.1977); *Adams v. Campbell County School District,* 483 F.2d 1351 (10th Cir.1973). However, it is equally true that "[u]nder proper circumstances these requirements of the Rule may be waived." *Mustang Fuel Corp. v. Youngstown Sheet and Tube Co.,* 480 F.2d 607, 608 (10th Cir.1973). In *Mustang Fuel Corp.,* the motion for summary judgment was filed by the defendant on December 29, 1971. On December 30, 1971, with no notice to plaintiff or a hearing, the trial court granted the motion and entered judgment for the defendant. Under those circumstances, we held that the procedural facts presented did not constitute a waiver.

Similarly, in *Dolese v. United States,* 541 F.2d 853 (10th Cir.1976), we found no waiver when plaintiff's counsel objected strenuously upon first learning of the trial court's intention to grant summary judgment in favor of the government. There the government had filed a motion for summary judgment, but the trial court set a date for trial. On the day of trial the court granted summary judgment, despite the existence of a pretrial order which indicated numerous contested issues of fact. We observed that the trial court "failed to follow the mandate or spirit of Rule 56(c) . . . ." *Dolese, supra,* 541 F.2d at p. 854, by denying the plaintiffs a hearing on the motion.

■ This case presents a markedly different situation. Prospero filed a complaint in the district court for breach of contract, and attached thereto a rather lengthy purchase agreement with its attendant exhibits. Thereafter Burroughs filed a motion to dismiss on grounds of, *inter alia, res judicata,* and incorporated by reference the findings of fact, conclusions of law and judgment of the District Court of Boulder County in a prior state action allegedly based on the same contract. Burroughs attached a copy of the findings, conclusions and judgment to the motion to dismiss. Prospero then filed a brief in opposition to Burroughs's motion to dismiss, in which it stated:

> The motion is also procedurally defective. The affirmative defense of *res judicata* does *not* appear on the face of the Complaint [sic], as confirmed by defendant's incorporation of and reference to a copy of the 76-page Findings of Fact, Conclusions of Law and Judgment from the prior state court action. [Emphasis in original]. To be considered at all, the motion would have to be treated as one for summary judgment. (Citations omitted). In any event and *no matter how characterized,* for the reasons set forth herein, the motion should be denied in all respects.

[R., Vol. I at p. 182 (emphasis supplied)].

Burroughs responded with its reply brief, to which exhibits were attached. In this

reply brief, Burroughs stated: "Defendant agrees with Plaintiff that Defendant's Motion should be considered as a Motion for Summary Judgment and submits this Brief in support of that Motion and in reply to Plaintiff's Brief." [R., Vol. II at p. 194].

Approximately five months later, during which period Prospero *never objected* to Burroughs's characterization that Prospero had suggested converting the motion into one for summary judgment, the trial court granted summary judgment for Burroughs. The trial court found that Prospero's claim was barred by the principles of *res judicata*. Prior to this ultimate finding, the district court stated:

> Because defendant's motion to dismiss was accompanied by the judgment in the previous case, F.R.Civ.P. 12(b) requires me to treat the motion to dismiss as one for summary judgment. Both parties have stated in their briefs that the motion should be considered as one for summary judgment and, in accordance with this understanding, both parties have filed exhibits. The requirement of notice to treat a motion to dismiss as one for summary judgment has been met. *Adams v. Campbell County School Dist.,* 483 F.2d 1351 (10th Cir.1973).

[R., Vol. II at p. 303]; 517 F.Supp. at p. 659 n. 2.

Prospero contends that the district court erred in stating that both parties had filed exhibits. This argument is curious because Prospero contends the only "exhibits" it filed were the two separate contracts, the Purchase Agreement and Repurchase Agreement,[1] filed with the complaint. While Prospero did not file any exhibits with its brief in opposition to its motion to dismiss, it referred to the substance of the above documents in that brief and obviously intended that the court consider them in reference to the *res judicata* claim. Hence, this argument is specious.

The heart of the matter lies in the lack of formal notice by the court. Under the circumstances outlined above, we hold that the trial court reasonably believed Prospero was treating the motion as one for summary judgment. Prospero was the party first to mention summary judgment; Prospero had actual notice that Burroughs believed Prospero was treating the motion as one for summary judgment; Prospero had actual notice that Burroughs was treating the motion as one for summary judgment; and Prospero did not at any time lodge an objection with the trial court after it received actual notice. Prospero may not now be heard to say it was "surprised" by the trial court's grant of summary judgment. *See Dayco Corp. v. Goodyear Tire & Rubber Co.,* 523 F.2d 389, 393 (6th Cir.1975) ("The 'reasonable opportunity' language of Rule 12(b) is designed to prevent unfair surprise to the parties."). The trial court did not violate either the mandate or spirit of rule 56(c) by its lack of formal notice. The facts and circumstances of this case dictate the conclusion that Prospero waived its right to formal notice, and we so hold.

## II.

Prospero's second contention is that the district court erred in granting summary judgment for Burroughs on grounds of *res judicata*. Under 28 U.S.C.A. § 1738, we must accord the Boulder County District Court judgment "the same full faith and credit ... as [it has] by law or usage in the courts of [Colorado]." The question, then, is what effect the Colorado state courts would give to the prior state court judgment.

■ Collateral estoppel, or issue preclusion, is not applicable in this case. The issues relating to costs incurred as a result of the repurchase were not litigated in the state court action. The issue here regards claim preclusion. As the district court noted, "[c]laim preclusion ... prohibits a party from asserting any matter that might have been asserted in the previous cause of action, even if it was not actually asserted." 517 F.Supp. at p. 660. The question then

---

**1.** For reasons detailed later in the opinion, we disagree with the characterization by Prospero

that these documents were two separate contracts.

becomes whether the prior state court action and this action are one or two causes of action.[2]

In 1976, after Redactron anticipatorily breached the 1974 agreement, Prospero and Redactron arranged to have Redactron repurchase the equipment as provided by a clause in the 1974 agreement. A "Bill of Sale and Assignment of Lease" (Bill of Sale) was drawn up for this purpose. Prospero's argument against a *res judicata* bar to this action is that the 1974 agreement and the Bill of Sale are two separate contracts, or, in the alternative, that the repurchase option in the 1974 agreement is divisible from the rest of the contract. Prospero argues that the claims are distinct and that this action for costs incurred as a result of the repurchase is not precluded by the prior action for breach of the contract.

■ To settle this question of divisible or multiple contracts, we look to the contract law of the State of New York, the law which expressly governs the interpretation of these agreements. [R., Vol. I, pp. 71, 75, 91]. "Whether a contract is entire or severable generally is a question of intention, to be determined from the language employed by the parties, viewed in the light of the circumstances surrounding them at the time they contracted." *Christian v. Christian,* 42 N.Y.2d 63, 73, 365 N.E.2d 849, 856, 396 N.Y.S.2d 817, 824 (1977) (citing 5 Williston, Contracts [3d ed.], § 767 p. 629). *Accord: Matter of Estate of Wilson,* 50 N.Y.2d 59, 405 N.E.2d 220, 427 N.Y.S.2d 977 (1980); *American Surety Co. of New York v. Rosenthal,* 133 N.Y.S.2d 870, 206 Misc. 485 (Sup.Ct.1954). The test for divisibility is basically a simple one: "Did the parties

give a single assent to the whole transaction or did they assent separately to several things? 3 Williston on Contracts, *supra,* § 863." *American Surety v. Rosenthal, supra,* 133 N.Y.S.2d at p. 874. If a contract is divisible, "there must either be successive divisions upon performance of which the other party becomes bound, or categories with such identifiable lines of demarcation that it becomes apparent the parties assented separately to several things." *First Savings & Loan Ass'n v. American Home Assurance Co.,* 35 A.D.2d 344, 316 N.Y.S.2d 233, 235 (1970).

■ Based on the foregoing principles, we hold that the repurchase option was not divisible from the balance of the 1974 agreement. The 1974 agreement is an extensive document which covers a multitude of topics; however, the state court's opinion in the prior action makes clear that the contract was negotiated as a whole package. There is nothing in the language of the agreement to indicate that it was anything but entire. *Christian v. Christian, supra.* Nor are there "categories with such identifiable lines of demarcation" that the only conclusion can be the parties assented to separate things.[3] *First Savings & Loan, supra,* 316 N.Y.S.2d at p. 235. Rather, the compelling conclusion is that the parties gave "a single assent to the whole." *American Surety v. Rosenthal, supra,* 133 N.Y. S.2d at p. 874.

■ The next question, then, is whether the 1974 agreement and the bill of sale are one or two contracts. Again, New York law guides our interpretation and construc-

---

2. "The general rule seems to be that if there is identity of subject matter; identity of cause of action; identity of persons to the action; and identity of capacity in the persons for which or against whom the claim is made, that these four identities existing, a prior judgment is conclusive not only as to every question actually presented and decided, but also as to every question within the issues which might have been presented and determined." *McDermott v. Bent County, Colorado Irrigation District,* 135 Colo. 70, 308 P.2d 603, 605–06 (1957). The only identity at issue here is identity of the cause of action.

3. The 1974 agreement covers such diverse topics as definitions, purchase and sale agreements (including price computation and payment methods), deliveries, buyer and seller warranties, administration, remarketing, service of equipment, taxes, insurance, storage, and financial statements and records. Upon reading the contract as a whole, it is clear that the clauses are interdependent and assent was given by both parties to the contract as a whole.

tion of these instruments. It is a fundamental principle of contract law that "words in a contract should retain their plain and ordinary meaning unless the context mandates a different interpretation." *Allied Chemical Corp. v. Alpha Portland Industries, Inc.,* 58 A.D.2d 975, 397 N.Y.S.2d 480, 482 (1977) (citing *Laba v. Carey,* 29 N.Y.2d 302, 277 N.E.2d 641, 327 N.Y.S.2d 613 (1971)). "The major objective in the interpretation of a written contract is to ascertain the intent of the parties from the language employed." *Airco Alloys Division, Airco Inc. v. Niagra Mohawk Power Corp.,* 76 A.D.2d 68, 430 N.Y.S.2d 179, 184 (1980) (citation omitted).

Thus, we look to the bill of sale to determine whether the plain language of the instrument indicates the intent of the parties when the instrument was drawn. The language is clear: "Prospero . . ., *pursuant and subject to the provisions of that certain Agreement, dated as of June 1, 1974* . . . hereby bargains, sells, transfers, conveys, assigns and delivers to Redactron. . . ." [R., Vol. I at p. 88] (emphasis supplied). Further, the bill of sale provided that the purchase price of the equipment would be determined "as provided pursuant to Section 5.4.1 of the Agreement." *Id.* at p. 89. The bill of sale also provided that certain rentals would be paid "as provided for in the Agreement." *Id.* at p. 90.

We thus hold that the bill of sale and the 1974 agreement are not separate contracts. The clear language of the bill of sale is that the controlling instrument is the 1974 agreement. Indeed, standing alone, the bill of sale makes no sense as a separate contract. The bill of sale merely evidences the fact that the repurchase option under the 1974 agreement had been exercised. The two instruments are so intertwined and interdependent that they are part of the same contract.

The general rule is that a judgment on the merits of a court of competent jurisdiction is an absolute bar to the prosecution of a second action on the same claim. *Pomponio v. Larsen,* 80 Colo. 318, 251 P. 534, 536 (1926). Such a judgment precludes a claim "not only as to issues actually resolved, but also to all matters germane to the general issue which could or might have been litigated therein." *Ballas v. Cladis,* 167 Colo. 248, 447 P.2d 224, 228, *cert. denied,* 395 U.S. 921, 89 S.Ct. 1772, 23 L.Ed.2d 238 (1969) (citing *McDermott v. Bent County, Colorado Irrigation District,* 135 Colo. 70, 308 P.2d 603 (1957) and *Newby v. Bock,* 120 Colo. 454, 210 P.2d 985 (1949)).

We conclude that the district court did not err in precluding Prospero's claim on *res judicata* grounds. We have previously held that there was only one contract. It is uncontroverted that the damages alleged by Prospero relating to the repurchase of the equipment by Burroughs had accrued at the time the state court action was filed. These damages were germane to the general issue of breach of contract, since these damages arose as a consequence of a breach. Furthermore, that these damages were germane to the general issue is borne out by the fact that the contract documents were admitted in evidence at the state court trial, together with relevant federal income tax returns and Redactron's analysis of the tax effects of the repurchase. We hold that under Colorado law Prospero's claim is precluded on *res judicata* grounds by virtue of the prior state court action.[4] *See Restatement of Judgments* § 62 comment h (1942) (where there are two or more breaches of a single contract all breaches committed prior to the commencement of

---

4. Our conclusion would be the same under New York law:

> This State has adopted the transactional analysis approach in deciding *res judicata* issues (*Matter of Reilly v. Reid,* 45 N.Y.2d 24, 407 N.Y.S.2d 645, 379 N.E.2d 172). Under this address, once a claim is brought to a final conclusion, all other claims arising out

of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy (*id.,* at pp. 29–30, 407 N.Y.S.2d 645, 379 N.E.2d 172).

*O'Brien v. City of Syracuse,* 54 N.Y.2d 353, 357, 429 N.E.2d 1158, 1159, 445 N.Y.S.2d 687, 688 (1981).

the action are treated as a single cause of action).

WE AFFIRM.

McKAY, Circuit Judge, dissenting:

When a trial court converts a Rule 12 motion into one for summary judgment pursuant to Rule 56, it is the court's duty to notify the parties of its intent to make the conversion and to give an adequate opportunity to respond to the new issue. While it is possible that there are circumstances in which the court's duty may be waived by the parties, see *Mustang Fuel Corp. v. Youngstown Sheet and Tube Co.*, 480 F.2d 607 (10th Cir.1973), this is not a case which would justify such an extreme measure. In the instant case, the appellant merely pointed out in a brief that the appellee's Rule 12 motion was not a proper Rule 12 motion and might hypothetically be a Rule 56 motion. In addition, in a responsive pleading, the appellee mischaracterized appellant's observations as an agreement that the motion was a Rule 56(c) motion. Appellant did not respond to this mischaracterization, which of course it had no duty to do.

The notice of conversion of a Rule 12 motion to a Rule 56 motion and the consequences of a failure to notify are serious business. It is an unequivocal duty of the trial court. It is very simple to comply with the notice mandate of the rule. I simply do not comprehend why we are continuing to see so many cases in which the trial courts fail to follow that mandate and in which the successful party defends that failure under a theory of waiver. The burden of showing waiver is and ought to be a heavy one. We ought not to be called on repeatedly to reconstruct inadequate records because of the failure to give this notice and get the appropriate responses that would complete the record. We ought not to be required to deal with the probabilities when the realities are so simple to bring into focus. This case will only encourage the courts to ignore a simple mandate of the rules to the continued detriment of the parties and the workload of this court.

I would reverse and remand for failure to comply with Rule 56(c). *Torres v. First State Bank of Sierra County*, 550 F.2d 1255 (10th Cir.1977); *Adams v. Campbell County School District*, 483 F.2d 1351 (10th Cir. 1973); *Dolese v. United States*, 541 F.2d 853 (10th Cir.1976).