NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SABENA PURI,<br><br>    Petitioner-Appellant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent-Appellee. | No.    21-55132<br><br>D.C. No.<br>2:20-cv-07270-RGK-AGR<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted March 9, 2022
Seattle, Washington

Before: NGUYEN, MILLER, and BUMATAY, Circuit Judges.
Concurrence by Judge BUMATAY.

Sabena Puri appeals the district court's order granting the government's

motion to dismiss and denying her petition to quash an administrative third-party

summons issued by the United States Internal Revenue Service ("IRS") to Citibank

N.A. for information relating to her bank accounts. The summons was issued at

the request of the tax authorities of the Republic of India pursuant to the

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Convention Between the United States of America and the Government of the Republic of India for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income, Jan. 1, 1991, T.I.A.S. 90-1218. We have jurisdiction pursuant to 26 U.S.C. § 7609(h) and 28 U.S.C. § 1291, and we affirm.

As in domestic tax investigations, the IRS may issue third-party summonses to obtain relevant documents when requested by a tax treaty partner pursuant to the terms of the treaty. *See United States v. Stuart*, 489 U.S. 353, 355–56, 370 (1989). If the taxpayer objects by filing a petition to quash in the district court, the court applies the two-step framework set forth in *United States v. Powell*, 379 U.S. 48, 57–58 (1964). First, the IRS must make a prima facie showing of its "good faith" in issuing the summons. *Stuart*, 489 U.S. at 359. To satisfy this minimal burden, the IRS need only demonstrate its own good faith, not that of the requesting sovereign. *Id.* at 370. The burden then shifts to the taxpayer to challenge the government's evidence or show that the summons should be quashed "on any [other] appropriate ground." *United States v. Clarke*, 573 U.S. 248, 250 (2014) (citation omitted).

1. Puri does not dispute that the IRS satisfied its burden under *Powell* by establishing a prima facie case that it acted in good faith in issuing the summons at the Indian tax authorities' behest. The burden therefore shifts to Puri to challenge

2

the IRS's evidence or provide other "appropriate" grounds for quashing the summons. Puri contends that she has met this burden, or is at least entitled to further discovery in order to meet her burden, by presenting evidence that the Indian tax authorities' true purpose is to harass her family, who are prominent members of the Indian government's political opposition.

Puri cites no authority to support her argument that the court may look beyond a facially proper request to determine the true motivations of the requesting foreign government. Such an inquiry would run counter to what the Supreme Court said in *Stuart*, that "[s]o long as *the IRS itself* acts in good faith . . . and complies with applicable statutes, it is entitled to enforcement of its summons." 489 U.S. at 370 (emphasis added); *see also Clarke*, 573 U.S. at 254 (stating that "summons enforcement proceedings are to be 'summary in nature,'" and that courts "must eschew any broader role of overseeing . . . determinations to investigate [tax liabilities]" (cleaned up)).[1]

2. In any event, Puri does not present any plausible evidence suggesting that the Indian tax authorities acted in bad faith. The Indian authorities' stated purpose is to identify Puri's assets held in the United States to assess her income tax

---

[1] In the context of a domestic tax investigation, the Court has permitted a taxpayer an examination of the responsible IRS agent upon a plausible showing of the IRS's bad faith. *Clarke*, 573 U.S at 254–55. It has not, however, sanctioned discovery as to a foreign government's bad faith, which is unlike the limited examination allowed in *Clarke*.

3

liability as an Indian tax resident between April 2003 and March 2019. Puri does not dispute that she has a bank account with Citibank N.A. And Puri—who was a citizen of India prior to 2008, has spent more than half of each year in India since that time, and owns at least one residence in India—has filed Indian income tax returns as an Indian tax resident in at least 2008 and 2011 through 2017. Puri's purported evidence of an improper motive, namely allegations reported in the Indian press, is speculative. And as the court below correctly noted, Puri does not explain how her bank statements could be used to harass the political opposition.[2]

**AFFIRMED.**

---

[2] Puri requests an "examination of the Indian taxation authority" (presumably, some form of discovery) to develop further evidence, but she fails to specify what procedures would be used to conduct the examination or how the tax authorities of a sovereign nation could be compelled to participate.

FILED

AUG 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

I concur in all but paragraph two of the memorandum disposition. Because courts are categorically forbidden from inquiring into the bad faith of a foreign government when deciding whether to quash an IRS summons, I see no need for us to reach the "in any event" argument in paragraph two.

In evaluating the enforceability of an IRS summons, the focus is on the IRS's underlying motives—not those of a foreign government. As the Supreme Court has expressed, "[s]o long as *the IRS itself* acts in good faith, . . . and complies with applicable statutes, [the IRS] is entitled to enforcement of its summons." *United States v. Stuart*, 489 U.S. 353, 355–60, 370 (1989) (emphasis added). Our precedent points in the same direction. For example, we've said, "the IRS need not establish the good faith of the requesting nation" in tax treaty cases. *Lidas, Inc. v. United States*, 238 F.3d 1076, 1082 (9th Cir. 2001). *See also Mazurek v. United States*, 271 F.3d 226, 231 (5th Cir. 2001) ("As long as the IRS acts in good faith, it need not also attest to—much lest prove—the good faith of the requesting nation."); *Villarreal v. United States*, 524 F. App'x 419, 423 (10th Cir. 2013) (unpublished) ("Mexico's good faith is irrelevant; what matters is the IRS's good faith in issuing the summons.").

I have serious separation-of-powers concerns for even raising the prospect that courts can look through the Executive branch's decision to comply with an

1

international treaty and surmise the motives of a foreign government. That is clearly beyond our competence. *See Alperin v. Vatican Bank*, 410 F.3d 532, 549 (9th Cir. 2005) ("[T]he management of foreign affairs predominantly falls within the sphere of the political branches and the courts consistently defer to those branches.").

I thus concur in all but paragraph two of the memorandum disposition.