**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 27, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

STANDING AKIMBO, INC., a Colorado
corporation; SPENCER KIRSON;
SAMANTHA MURPHY; JOHN
MURPHY,

     Petitioners - Appellants,

v.

UNITED STATES OF AMERICA,
through its agency the Internal Revenue
Service,

     Respondent - Appellee.

No. 21-1379
(D.C. No. 1:18-MC-00178-PAB-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **EID**, **BALDOCK**, and **CARSON**, Circuit Judges.

_____

Here, we consider the latest battle in the war between Colorado licensed marijuana dispensaries and the Internal Revenue Service (IRS) over the latter's access to third-party held information related to its audits of the dispensaries and their owners. We are no strangers to this subject, having addressed it in one form or another no less than six times already. *See, e.g.*, *Green Sol. Retail, Inc. v. United States*, 855 F.3d 1111 (10th Cir. 2017); *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187 (10th Cir. 2018); *Feinberg v.*

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Commissioner*, 916 F.3d 1330 (10th Cir. 2019); *High Desert Relief, Inc. v. United States*, 917 F.3d 1170 (10th Cir. 2019); *Standing Akimbo, LLC v. United States*, 955 F.3d 1146 (10th Cir. 2020) ("*Standing Akimbo I*"); *Speidell v. United States*, 978 F.3d 731 (10th Cir. 2020). In keeping with those previous treatments, we exercise jurisdiction pursuant to 28 U.S.C. § 1291 and **AFFIRM** the district court's judgment.

I.

The facts of this case are well known to both us and the parties. Accordingly, we only summarize those facts essential to our disposition. Standing Akimbo, Inc.[1] is a Colorado-licensed marijuana dispensary owned by Spencer Kirson, Samantha Murphy, and John Murphy (we refer to Standing Akimbo and its owners as the "Taxpayers"). The Internal Revenue Code prohibits such enterprises from taking deductions for business expenses. *See* 26 U.S.C. § 280E.[2] As part of its efforts to enforce the tax code, the IRS began investigating the Taxpayers' tax filings to determine if they had taken deductions in violation of § 280E. This investigation led the IRS to audit the Taxpayers for the 2014,

---

[1] Standing Akimbo, Inc. was previously known as Standing Akimbo, LLC. It changed to Standing Akimbo, Inc. in the 2016 tax year. *See* Appellee's Br. at 2 n.1. We refer to both as "Standing Akimbo."

[2] Section 280E provides:

> No deduction or credit shall be allowed for any amount paid or incurred during the taxable year in carrying on any trade or business if such trade or business (or the activities which comprise such trade or business) consists of trafficking in controlled substances (within the meaning of schedule I and II of the Controlled Substances Act) which is prohibited by Federal law or the law of any State in which such trade or business is conducted.

2

2015, and 2016 tax years.  The IRS requested documents from the Taxpayers to substantiate their filings.  When the IRS found the Taxpayers' responses insufficient, it issued summonses to the Colorado Marijuana Enforcement Division (MED) seeking reports from its Marijuana Enforcement Tracking Reporting and Compliance system (METRC).  The Taxpayers petitioned the district court to quash these summonses in two separate actions—the first addressing the summonses for the 2014 and 2015 tax years and the second addressing the summons for the 2016 tax year.  In the first action, the district court denied the Taxpayers' petition to quash and we resolved the Taxpayers' appeal arising out that case in favor of the IRS.  *See Standing Akimbo I*, 955 F.3d 1146.  The present action pertains only to the summonses the IRS sent MED for reports relating to the Taxpayers' 2016 filings.

The IRS issued the summonses in question in September 2018.  The first summons directed MED to provide a complete list of Standing Akimbo's licenses for 2016 as well as METRC's 2016 annual gross sales report, 2016 transfer reports, 2016 annual harvest reports, and 2016 monthly plants inventory reports for Standing Akimbo.  The second and third summonses instructed MED to provide a complete list of all licenses held by Spencer Kirson, John Murphy, and Samantha Murphy in their individual capacities.

The Taxpayers responded before MED complied by filing a petition to quash the summons in the district court in accordance with 26 U.S.C. § 7609(b).  Such proceedings follow "a familiar framework."  *Standing Akimbo I*, 955 F.3d at 1154 (citation omitted).  First, the IRS must make a threshold showing that it has not referred the matter to the Department of Justice for prosecution.  *Id.* (citation omitted).  Second, the IRS must meet

3

the "slight" burden of demonstrating its "good faith in issuing the summons" by satisfying the four-factor test established in *United States v. Powell*, 379 U.S. 48 (1964). *Standing Akimbo I*, 955 F.3d at 1155; *United States v. Stuart*, 489 U.S. 353, 359 (1989). Those factors require the IRS to show (1) "that the investigation will be conducted pursuant to a legitimate purpose;" (2) "that the inquiry may be relevant to the purpose;" (3) "that the information sought is not already within the [IRS's] possession;" and (4) "that the administrative steps required by the Code have been followed." *Powell*, 379 U.S. at 57–58. If the IRS can make this showing, usually through an affidavit from the agent issuing the summons, it establishes the prima facie validity of the summons. *Standing Akimbo I*, 955 F.3d at 1155. Thereafter, the burden shifts to the taxpayer who must meet the "heavy burden" of "factually refut[ing] the *Powell* showing or factually support[ing] an affirmative defense." *Id.* (citation omitted).

The Taxpayers offered three primary lines of attack on the summonses. First, they asserted the IRS could not satisfy the four-factor test laid out in *Powell* for establishing the requisite showing for enforcing the summonses. Second, the Taxpayers claimed the summonses lacked good faith and abused process. Third, they asserted various constitutional violations relating to the summonses.

The IRS moved to dismiss the Taxpayers' petition and asked the district court to enforce the summons pursuant to 26 U.S.C. §§ 7604(a) and 7609(b)(2)(A).[3] To support

---

[3] MED did not intervene in this action. Instead, MED informed the district court that it had not responded to the IRS's summonses but would comply with any order issued by the district court.

that motion, the IRS provided an affidavit from the agent assigned to audit the Taxpayers explaining the purpose of the IRS's investigation and the relevance of the METRC reports to it. The IRS argued this affidavit satisfied the requirement that it establish the prima facie validity of the summonses. *See Anaya v. United States*, 815 F.2d 1373, 1377 (10th Cir. 1987). The IRS further asserted that the Taxpayers' arguments failed to carry their "heavy burden" to show that the IRS lacked good faith or that enforcing the summonses would be an abuse of process. *See id.* at 1377–78. The motion to dismiss was fully briefed in February 2019 but remained pending until September 2021.

During the lengthy time the IRS's motion was pending, we decided *Standing Akimbo I*. *See* 955 F.3d 1146. Thereafter, the Taxpayers petitioned the Supreme Court for certiorari in that case. Although the Supreme Court denied the Taxpayers' petition, Justice Thomas authored a brief statement expressing his doubts on the integrity of *Gonzales v. Raich*, 545 U.S. 1 (2005) and Congress's authority to regulate the intrastate growth of marijuana. *Standing Akimbo, LLC v. United States*, 141 S. Ct. 2236 (2021) (Statement of Thomas, J. on denial of certiorari) ("*Standing Akimbo I Statement*"). The Taxpayers seized upon Justice Thomas's statement and attempted to add it to the arguments presented to the district court on the IRS's motion to dismiss, even though the motion was already fully briefed. The IRS in turn moved to strike the Taxpayers' submission of Justice Thomas's statement as supplemental authority.

The district court resolved each of these issues in its order granting the IRS's motion to dismiss. *See Standing Akimbo, Inc. v. United States*, No. 18-mc-00178-PAB, 2021 WL 3931224, (D. Colo. Sept. 2, 2021) ("*Standing Akimbo II*"). Recognizing the need to

5

consider submissions beyond the pleadings, the district court converted the IRS's motion to dismiss into a motion for summary judgment as allowed by Fed. R. Civ. P. 12(d). *See id.* at \*2. The district court found the IRS had "met its burden under *Powell* to show a prima facie case." *Id.* at \*5. The district court went on to reject the Taxpayers' arguments about lack of good faith and process, noting the Taxpayers had "not presented factual support for their claims" and "failed to show a material issue of disputed fact" to carry their burden in the face of the IRS's prima facie showing. *Id.* at \*9. As for Justice Thomas's statement, the district court concluded it "ha[d] no bearing on the Court's analysis" because the statement was non-precedential and Tenth Circuit precedent controlled the case. *Id.* The district court therefore "decline[d] to consider a new argument raised for the first time in supplemental authority based on no change in precedent." *Id.* (citing *Hooks v. Ward*, 184 F.3d 1206, 1233 n.25 (10th Cir. 1999)).

Accordingly, the district court granted the IRS's motion to dismiss and ordered the summonses be enforced. This appeal followed.

## II.

Now before us, the Taxpayers present three overarching arguments. First, the Taxpayers allege the district court committed reversible error when it converted the IRS's motion to dismiss into a motion for summary judgment without providing them with sufficient notice and when it elected not to hold an evidentiary hearing. Appellants' Br. 14–16. Second, the Taxpayers argue the district court erred when it declined to consider Justice Thomas's statement as supplemental authority. *Id.* at 18–19. Finally, the Taxpayers claim the summonses should have been dismissed because the IRS lacked a "legitimate

6

purpose" in issuing them and therefore failed to meet its burden under *Powell*. *Id.* at 23–27, 29–35. We address each argument in turn.

A.

We begin by considering the Taxpayers' arguments pertaining to the first set of alleged procedural errors. District courts are obligated to treat a motion to dismiss as a motion for summary judgment whenever "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). "All parties must be given a reasonable opportunity to present all material that is pertinent to the motion." *Id.* We review the "district court's decision to consider evidence beyond the pleadings and convert a motion to dismiss to a motion for summary judgment" for abuse of discretion. *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 654 (10th Cir. 2002) (citing *Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998)). The Taxpayers present a barebones argument on this front. Citing Rule 12(d) and one of our precedents reinforcing the notice requirement, the Taxpayers summarily contend "the lower court failed to provide notice and allow the Appellant's [sic] sufficient time to meet the factual allegations." Appellants' Br. 16 (citing Fed. R. Civ. P. 12(d); *Nichols v. United States*, 796 F.2d 361, 364 (10th Cir. 1986)). But the Taxpayers' argument fails for two independent reasons.

First, while "[w]e have held that failure to provide adequate notice that a motion to dismiss is to be treated as a motion for summary judgment is reversible error," *Bldg. & Constr. Dep't v. Rockwell Int'l Corp.*, 7 F.3d 1487, 1496 (10th Cir. 1993) (citing *Franklin v. City Abstract & Title Co.*, 584 F.2d 964, 967 (10th Cir. 1978)), we have also recognized that the notice requirement can be waived "[u]nder [the] proper circumstances." *Prospero*

*Assocs. v. Burroughs Corp.*, 714 F.2d 1022, 1024 (10th Cir. 1983) (quoting *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.*, 480 F.2d 607, 608 (10th Cir. 1973)). One such circumstance is when the aggrieved party was the first "to point out to the district court that defendants' 12(b)(6) motion was in fact a motion for summary judgment." *Rockwell*, 7 F.3d at 1496. Here, the Taxpayers responded to the IRS's motion to dismiss by asking the district court "convert the Motion to Dismiss to a Motion for Summary Judgment" and arguing that "[a]t the very minimum, the standard of review should be one of summary judgment." We believe these statements are sufficient to waive the notice requirement. *See Rockwell*, 7 F.3d at 1496.

Second, our decision in *Standing Akimbo I* required the district court to convert the IRS's motion to dismiss into a motion for summary judgment. *See* 955 F.3d at 1155–56. In *Standing Akimbo I*, we recognized that when the IRS moves to dismiss a petition to quash a summons and has to establish a prima facie case under *Powell*, the district court is obligated to consider materials outside the pleadings, such as the affidavits of IRS agents. *Id.* at 1155. Accordingly, we held that "the IRS's motion to dismiss 'must be treated as one for summary judgment under Rule 56.'" *Id.* (quoting Fed. R. Civ. P. 12(d)). We further noted that the district court erred, albeit not reversibly, by failing to convert the motion to dismiss into a motion for summary judgment in *Standing Akimbo I*. *Id.* at 1155–56. We cannot conclude that the district court abused its discretion by converting the motion to dismiss into a motion for summary judgment here when our precedents effectively deprive the district court of its discretion in instances like this. Further, the Taxpayers' extensive involvement and intimate familiarity with *Standing Akimbo I*

undercuts any claim that they were unaware of the need to treat the IRS's motion to dismiss as a motion for summary judgment and respond accordingly.[4]  Therefore, the district court did not err by converting the motion to dismiss or failing to provide the Taxpayers with sufficient notice.

Similarly, the Taxpayers suggest in the portion of their brief addressing the standard of review that the district court erred when it elected not to hold an evidentiary hearing before ruling on the IRS's motion to dismiss.  *See* Appellants' Br. 14–15.  The decision of "[w]hether to allow an evidentiary hearing in a summons proceeding is left to the discretion of the district court."  *Villareal v. United States*, 524 F. App'x 419, 424 (10th Cir. 2013) (unpublished) (citing *Tiffany Fine Arts, Inc. v. United States*, 469 U.S. 310, 324 n.7 (1985)). The Taxpayers point us to *United States v. Security Bank & Trust Co.*, 661 F.2d 847, 850 (10th Cir. 1981) to support their argument that the district court should have granted them an evidentiary hearing.  There, we acknowledged that the Supreme Court's recognition of certain affirmative defenses to the enforcement of summonses—namely those pertaining to the IRS's intention to refer a case for criminal prosecution or otherwise facilitate it— meant the Supreme Court "must have envisioned at least limited discovery" in summons proceedings because they depended "on information peculiarly within the knowledge or files of the [IRS]."  *Id.* at 850.

---

[4] In fact, the Taxpayers argued in *Standing Akimbo I* that the district court erred because it had not converted the motion to dismiss into one for summary judgment.  *See* 955 F.3d at 1156 n.5.

But there is a difference between contemplating the potential availability of discovery and establishing an entitlement to it. Our more recent precedents make clear that there is no such entitlement and that taxpayers must clear significant hurdles to obtain an evidentiary hearing at all. We have specifically stated that a taxpayer must meet the "heavy burden" of "factually refut[ing] the *Powell* showing or factually support[ing] an affirmative defense" and that "a hearing *may* be granted only if the burden is met." *Standing Akimbo I*, 955 F.3d at 1155 (citation omitted) (emphasis added). That burden is satisfied "by affidavit." *United States v. Balanced Fin. Mgmt., Inc.*, 769 F.2d 1440, 1444 (10th Cir. 1985) (quoting *United States v. Garden State Nat'l Bank*, 607 F.2d 61, 71 (3d Cir. 1979)). Here, the Taxpayers filed no affidavits containing the information necessary to meet their burden. That failure ends the conversation. The district court did not abuse its discretion by denying the Taxpayers an evidentiary hearing.

B.

We next consider the district court's decision to disregard Justice Thomas's statement on the denial of certiorari in *Standing Akimbo I*. In the district court proceedings, the Taxpayers attempted to supplement their response to the IRS's motion to dismiss with additional authorities—including Justice Thomas's statement—after that motion had been fully briefed, but before it was decided. The IRS moved to strike those filings and the Taxpayers moved for leave to file the supplemental authority. The district court disregarded "[t]his flurry of filings" because Justice Thomas's statement was not precedential and Tenth Circuit precedent controlled the case. *Standing Akimbo II*, 2021 WL 3931224, at *9.

10

The Taxpayers contend the district court erred when it denied their motion for leave to file supplemental authority and elected to disregard Justice Thomas's statement because they were permitted to file supplemental authority under the district court's Local Rule 7.1(f).  Appellants' Br. 18–19.  We review decisions relating to the district court's supervision of litigation and management of its docket—such as the denial of a motion for leave to submit supplemental authority—for abuse of discretion.  *See Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998); *Johnny Blastoff, Inc. v. L.A. Rams Football Co.*, 188 F.3d 427, 439 (7th Cir. 1999).

The Taxpayers' reliance on the district court's Local Rule 7.1(f) is unavailing. Local Rule 7.1(f) states "*[i]f the matter is set for hearing*, any supplemental authority shall be filed no later than seven days before the hearing."  D.C.COLO.LCivR. 7.1(f) (emphasis added).  The Taxpayers believe they satisfied Local Rule 7.1(f) because they filed their supplemental authority "at least seven days before hearing."  Appellants' Br. 19.  But the Taxpayers concede that "a hearing was not set" in the matter at the time they submitted their supplemental authority.  *Id.*  As a result, the plain language of Local Rule 7.1(f) clearly forecloses the Taxpayers' argument.

We further conclude the district court did not abuse its discretion to deny the Taxpayers' motion and disregard Justice Thomas's statement for two additional reasons. First, Justice Thomas's arguments were available to the Taxpayers before he authored his statement.  In his statement on the denial of certiorari, Justice Thomas questioned whether changes in the federal government's policy towards marijuana undermined the reasoning of *Gonzales v. Raich*.  *Standing Akimbo I Statement*, 141 S. Ct. at 2238.  This idea was

11

fully available to the Taxpayers when they responded to the IRS's motion to dismiss—if they had raised it timeously. But they did not. And district courts do not err when they decline to consider "eleventh-hour" filings on matters that could have been raised timeously. *E.g.*, *Monfore v. Phillips*, 778 F.3d 849, 853 (10th Cir. 2015) (Gorsuch, J.). This principle holds true here.

Second, the district court correctly concluded Justice Thomas's statement was not precedential. We have noted that "no precedential conclusion can be drawn from the denial of certiorari or the statements made by dissenting justices." *United States v. Mitchell*, 783 F.2d 971, 977 n.5 (10th Cir. 1986). And while we consider the Supreme Court's dicta persuasive authority, Justice Thomas's statement is not even dicta because it forms no part of a decision of the Court. *See United States v. Serawop*, 505 F.3d 1112, 1122 (10th Cir. 2007); *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1184 (10th Cir. 1995). Accordingly, the district court did not abuse its discretion by declining to consider this authority.

C.

Finally, we consider whether the IRS carried its "slight" burden of demonstrating a "legitimate purpose" behind the summonses. *See Standing Akimbo I*, 955 F.3d at 1155. The Taxpayers offer two constitutional arguments to support their position that the IRS lacked a legitimate purpose in issuing the summonses. The first relies almost exclusively on Justice Thomas's statement and the second arises under the Sixteenth Amendment. Appellants' Br. at 20–27, 29–35.

As a threshold matter, the IRS contends we need not address these arguments at all because they cannot "shoehorn their constitutional challenges into the *Powell* framework."

12

Appellee's Br. at 26.   The IRS offers several procedural avenues for reaching that conclusion.[5]   But this is one of those rare situations where resolving the merits is more straightforward than wading into a procedural morass at the Government's invitation.  So, we proceed to the merits of the Taxpayers' arguments.

1.

The Taxpayers first argue the IRS lacked a legitimate purpose under *Powell* because, per Justice Thomas's statement, the Controlled Substance Act's regulation of marijuana is unconstitutional.   Appellants' Br. at 23–27.   Although the Taxpayers contended the IRS lacked a legitimate purpose before the district court, they did so based on a different legal theory.  As such, the IRS believes we should review this argument for

---

[5] The IRS argues the Anti-Injunction Act, 26 U.S.C. § 7421(a) bars the Taxpayers from raising their constitutional arguments.  Appellee's Br. at 27–28.  Because the Anti-Injunction Act is jurisdictional, we are obligated to consider it.  *See Green Solution Retail*, 855 F.3d at 1114; *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  The IRS supports its contention that the Anti-Injunction Act bars these claims by quoting *Green Solution Retail*, 855 F.3d 1111.  There, we concluded that a "lawsuit seek[ing] to enjoin the IRS from obtaining information related to its initial findings that [a dispensary] is . . . ineligible for deductions under § 280E" was barred by the Anti-Injunction Act.  *Green Sol. Retail*, 855 F.3d at 1114, 1121.  The IRS believes "[t]here is no reason that a materially similar pre-enforcement challenge to Section 280E should fare differently because it is made in the context of a summons enforcement proceeding."  Appellee's Br. at 28.  The IRS is mistaken.  In our view, the difference in procedural context between this case and *Green Solution Retail* make them materially different.  In *Green Solution Retail*, the taxpayers were actually trying to *enjoin* the IRS from obtaining records while in this case the Taxpayers are contending that the IRS cannot meet its burden under *Powell*.  *Compare Green Sol. Retail*, 855 F.3d at 1114, 1121, *with Standing Akimbo II*, 2021 WL 3931224.  We will not extend the Anti-Injunction Act to summons proceedings—not least of which because such an extension would directly conflict with (and possibly moot) the statutory scheme entitling taxpayers to challenge summonses in the district court.  The IRS should be intimately familiar with that statutory scheme because it is reproduced on all the notices it issues to taxpayers.

plain error. Appellee's Br. at 31. But because the Taxpayers' argument clearly fails even under a de novo standard, we need not determine whether the plain error standard applies.

The Taxpayers' argument that the IRS lacked a legitimate purpose because Congress lacks the authority to regulate their marijuana dispensary is misplaced. The Supreme Court resolved this question more than fifteen years ago when it decided *Gonzales v. Raich*. The non-precedential statement of a single justice on the denial of certiorari—however esteemed he may be—does not call the integrity of that decision into question. *Gonzales v. Raich* is the law. If the Taxpayers believe, as they have represented to us, that "*Standing Akimbo I* was very close to being accepted for review," Appellants' Br. at 6, then they are welcome to petition the Supreme Court for certiorari again. But we want to be very clear: We will continue to faithfully apply *Gonzales v. Raich* unless the Supreme Court instructs us otherwise. The Taxpayers cannot show the IRS lacked a legitimate purpose based on Justice Thomas's statement.[6]

---

[6] The Taxpayers argue the summonses are invalid because they violate procedural due process. Appellants' Br. at 27–28. The Taxpayers' argument on this issue is cursory. They claim, without meaningful substantiation, that "[t]he taking of property is involved, as the Government seeks to take money, take the petitioners [sic] documents and other information, and potentially the business itself." *Id.* at 28. The Taxpayers also erroneously cite Justice Thomas's statement as stating that "this summons process is more 'episodic than coherent'" when Justice Thomas actually described the Federal Government's enforcement of the laws prohibiting the sale and distribution of marijuana as "more episodic than coherent." *Id.*; *Standing Akimbo I Statement*, 141 S. Ct. at 2238. In any event, we will not conclude that statutorily mandated summons proceedings applying standards set forth by the Supreme Court are a violation of procedural due process.

2.

Lastly, the Taxpayers argue the IRS did not have a legitimate purpose when it issued the summonses because § 280E is unconstitutional under the Sixteenth Amendment. The Taxpayers base this argument on a footnote in Justice Thomas's statement. *See* Appellants' Br. at 29; *Standing Akimbo I Statement*, 141 S. Ct. at 2238 n.6. We have already made clear that Justice Thomas's statement is non-precedential. What is precedential, however, are the opinions from our Court holding that § 280E does not violate the Sixteenth Amendment. *See Alpenglow Botanicals, LLC*, 894 F.3d at 1202 ("Congress's choice to limit or deny deductions for these expenses under § 280E does not violate the Sixteenth Amendment"); *Standing Akimbo I*, 955 F.3d at 1157 n.7 ("We agree . . . that § 280E falls within Congress's authority under the Sixteenth Amendment to establish deductions." (citation omitted)). Given this authority, we have little difficulty rejecting the Taxpayers claim that the IRS cannot establish a legitimate purpose because § 280E is unconstitutional.

III.

For the foregoing reasons, we reject the Taxpayers' arguments and **AFFIRM** the district court's judgment.

Entered for the Court

Bobby R. Baldock
Circuit Judge

15